Howard McCULLOUGH,
Plaintiff–Appellant,

v.

CITY OF COMPTON, a municipality,
Defendant Appellee.

and

County of Los Angeles, public
entity, Defendant.

No. 07–55526.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Nov. 20, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Laura E. Inlow, Esquire, Lewis Brisbois Bisgaard & Smith, LLP, Los Angeles, CA, for Defendant.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY *, District Judge.

## MEMORANDUM **

Howard McCullough ("McCullough") appeals the order of the United States District Court for the Central District of California (the "District Court") granting summary judgment in favor of the City of Compton (the "City").

McCullough owns property in Compton, CA (the "Property"). The City removed and destroyed various construction materials from the Property pursuant to a Sentencing Order McCullough signed to resolve criminal charges brought by the City. McCullough asserts claims against the City for violating the Fourth Amendment, procedural due process, substantive due process, the Takings Clause, and California state law.

We review a grant of summary judgment de novo. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). Appellate review is governed by the same standards for summary judgment under Fed.R.Civ.P. 56 applied by the trial court. *Qwest Commc'ns, Inc. v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir.2006). A party moving for summary judgment must dem-

Robert D. Goldberg, Esquire, Clark Goldberg & Madruga, Los Angeles, CA, for Plaintiff–Apellant.

Anita O. Aviles, Esquire, Edward M. Chavez, Esquire, Compton City Attorney's Office, Compton, CA, for Defendant Appellee.

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

onstrate that there are no genuine issues of material fact to be tried and that it is therefore entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). Upon review of the District Court's judgment, we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the District Court correctly applied the substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004).

Plea agreements, such as the Sentencing Order at issue here, are contractual, and are interpreted under state contract law standards. *California v. Paredes*, 160 Cal. App.4th 496, 506–07, 72 Cal.Rptr.3d 867 (Ct.App.2008) (citations omitted). When the parties dispute the meaning of a contract, a court must first determine whether the contractual language is ambiguous; contract language is ambiguous if it is " 'reasonably susceptible' " to either meaning advocated by the parties. *Curry v. Moody*, 40 Cal.App.4th 1547, 48 Cal. Rptr.2d 627, 630 (Ct.App.1995). In resolving such a dispute, a court must first look to the terms of the agreement. *Ticor Title Ins. Co. v. Employers Ins. of Wausau*, 40 Cal.App.4th 1699, 48 Cal.Rptr.2d 368, 373 (Ct.App.1995). If the terms are clear, then extrinsic evidence need not be considered. *See United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir.2000); *Ticor Title Ins. Co.*, 48 Cal.Rptr.2d at 373 ("Where contract language is clear and explicit and does not lead to absurd results, we ascertain intent from the written terms and go no further.").

We "consider the circumstances under which an agreement was made, including its object, nature, and subject matter." *Badie v. Bank of Am.*, 67 Cal.App.4th 779, 79 Cal.Rptr.2d 273, 287 (Ct.App.1998). The Sentencing Order was intended to resolve the criminal charges brought against McCullough, one of which was for violation of Compton Municipal Code § 30–12.4(g) which requires that "[a]ll uses, storage, and display shall be located entirely within a building." Thus, McCullough's agreement to "abate the violations" meant that the City could remove all items stored on the property in violation of the code, i.e., anything not located inside a building, including the construction materials. McCullough could not reasonably have expected to recover "trash" removed from the Property, and the Sentencing Order defined "trash" broadly enough to include the construction materials.

We do not consider extrinsic evidence in interpreting the Sentencing Order because it is not ambiguous, i.e. it is not reasonably susceptible to the meaning urged by McCullough. *See Tahoe Nat'l Bank v. Phillips*, 4 Cal.3d 11, 92 Cal.Rptr. 704, 480 P.2d 320, 325 n. 5 (1971). The contract at issue here shows that McCullough consented to the removal and destruction of the construction materials, which bars all of his claims.[1] Interpretation of a contract is generally a question of law. *Badie*, 79 Cal.Rptr.2d at 286. Therefore, the District Court's grant of summary judgment to the City was appropriate.

Consent negates all of McCullough's claims except for violation of substantive

---

1. McCullough apparently arranged to have various trucks, tractors, and trailers removed from the Property and stored according to a separate arrangement with a towing service; the City gave McCullough an inventory of the vehicles removed.

Although McCullough raises a substantive due process claim, under *Armendariz v. Pen-*

*man*, 75 F.3d 1311 (9th Cir.1996) (en banc) and *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), the claim is properly treated as an unreasonable seizure claim under the Fourth Amendment, which is barred by his consent.

due process. To sustain a substantive due process claim, the plaintiff must prove that the government's action was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Vill. of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S.Ct. 114, 71 L.Ed. 303 (1926) (citations omitted). The facts asserted by McCullough do not support his claim of a substantive due process violation. Therefore, the District Court's grant of summary judgment to the City was appropriate.

AFFIRMED.